Thank you. May it please the court. On behalf of Justin Howard, we are asking this court to reverse and remand for resentencing on two distinct bases, although containing interrelated concepts. The first is due to the district court imposing a procedurally unreasonable sentence by including amounts of loss from conduct that was similar to the offense of conviction conduct, but not in preparation for the offense of conviction conduct. The second is we are asking this court to reverse and remand for a restitution issue based upon the district court's inclusion of losses that did not come from the offense of conviction in an offense that did not include as an element a scheme to defraud or conspiracy in it. Jumping into the guideline calculation issue, 1B13A2 tells us that for a common scheme or plan or common course of conduct analysis to allow prior conduct to be relevant, it must be of a type that 3D12D would allow for grouping. Here there is a very specific answer to that question, and it is that when dealing with an extortion, extortions can never be grouped. So looking at that specific textual statement that this cannot be grouped based on a theory of common course of conduct or common scheme of plan, we move to the interpretation, and this is the district court's interpretation, of in preparation for. In looking and considering the plain meaning of in preparation for as applied to this situation, the plain meaning of in preparation for implies that there is a dependent relationship or a but-for relationship. One has to make the other easier or more likely. There is also an intent aspect to it. One has to be done with the intent and the idea that the next will occur. Not necessarily just the intent to continue, but the intent to make easier. Here we have prior similar instances, but not dependent and not necessarily done with the intent to make one easier or the subsequent one easier. We feel the chief error in the district court's analysis is due to the fact that it applied basically what amounts to a common course of conduct analysis. It pointed the similar conduct, pointed the similarity of the victim. These are relevant concepts to a common course of conduct analysis, but here the guidelines specifically tell us that that is not enough pursuant to 1B31A2. Well, are there some situations in which earlier incidents in a common course can be in preparation for later incidents in the same common course? Absolutely. Alright, so you say that's possible, it's just that for some reason on these facts you don't think the earlier extortions were in preparation for the later ones? Sure, that's correct. We do not... Why not? What's wrong with the district court's rationale for why these facilitated the later, the first facilitated the later? The district court concluded that one was the, and they are separate demands for money, when complied with, the individual's end is to obtain the funds. It is not to obtain later funds or continue to do it again. In looking at the facts here, saying that the losses, the $53,000 some losses, are relevant would mean that the $2,500 request for an insurance bill back in, I forget when it was, November of 2011, was to prepare for a subsequent $100 demand in July of 2012, some eight months later. The, there is a repetition about the conduct, but that does not necessarily mean that there is an intent that one makes the other easier. There is not, there is not any aspect of one discrete extortion where there's a demand and a comply that makes a subsequent easier. So our theory in how the district court erred is due to the fact that one does not make the other easier, and one is not done with the intent to make the other easier. On the issue of intent, there's not a lot of case law on this, right? So are you asserting that as your understanding of the guideline and what should be, have to be shown, or are you relying on anything else within the guidelines in the other case law to say, really it's got to be an intentional? I'm relying mostly on the plain meaning of the guideline. To say something is in preparation for the next is to say that it's done with the, you know, the previous act is done with the intent that it's going to make easier the subsequent act. So I think there's an intent element there, and I also think there's a but-for element there. I agree there are not many cases that illustrate any of those points, but you can, on the facts, attempt to discern some logic there on those two points. For example, in the Fifth Circuit case, the Irina Magana case, the illegal entry case, that illustrates how but-for can be present because it's an illegal entry prior to a distribution of marijuana, but the intent was lacking. You can't say that somebody illegally entered the country with the intent, or there was no record evidence of that. Here, we're saying there is no record evidence that Justin Howard intended one of the prior extortions to make easier the subsequent extortions. What's the standard of review for this finding? Well, on a relevant conduct analysis, I believe the standard of review is clear. With that, I'd like to reserve the rest of my time for questions. Very well. Mr. Tutman, you may. Mr. Colliner, we'll hear from you. Thank you, Your Honor. May it please the Court, Counsel? I'm Kevin Colliner from the District of South Dakota here to argue on behalf of the government. Your Honors, the standard of review here on the relevant conduct question is clear error, and it's a question of whether this Court is left with a definite and firm conviction that a mistake was made by the District Court. There's not much dispute about a few things here. One is that the District Court made their decision on relevant conduct based on this factual inquiry of the phrase, in preparation for. The other thing that's not in dispute is there's not much case law on this. The fact that the briefs are arguing over a vacated Sixth Circuit decision tells you where the state of the law is on this question. The facts here are that this was an ongoing extortion conversation between Mr. Howard and his victim. Each extortion effort built upon the last one and was escalating by the point at which law enforcement then became involved and the final kind of controlled extortion took place that was charged in the offense. How do you think the earlier extortion acts facilitated the later ones? Can you articulate that? Well, these two men, as the briefs point out, met on a dating website, and the initial interactions were about these men getting to know one another, and in Howard's case, getting to know some embarrassing details about the victim here that he holds a position that his presence on the website would be a problem for him. August 7, 2011, he sends the first extortion-like text. He gives the victim's name, where he works, and says, call me. At that point, the victim calls, and he asks for some money. Now, from there, within the next few months, he's then asking for him to pay for cell phone charges, for car insurance. Time passes. The victim learns that Mr. Howard has gathered photos. The demands escalate to demands that he take out a car loan. When the victim says he runs out of money, there's threats then to use these pictures that Mr. Howard has gathered. He texts the victim the pictures. Ultimately, he calls in a welfare check by police, calls parishioners and other priests using the cell phone book. He's showing, through the course of this conversation, that he's serious, and the conversation is escalating. It's a testing boundaries issue as this goes along. He's asking for more and more money, heightening demands to the point at which he's seeing if this victim will take out loans. When he finds out that the victim will take out a loan, that's the context that surrounds some of the last communications that are charged, where he's telling him, look, do the $1,000, or let's kick this closet open, he says in the end, sending nude photos and so forth. This is all about getting another loan at this point. What is your view on the issue of intent? In terms of if there has to be some intent. Do we have to look at each of the prior actions as intentionally committed in order to prepare for what is charged in the indictment? There's not a lot of case law on this. In fact, I don't think there's any case law that directly defines this issue. I understand the point that in preparation for seems to mean one thing takes place in order for another thing to take place, and the defendant ought to have some intent. Here I think the facts are that the defendant was intending to bleed this victim for all he was worth, and that was the intent from the beginning through to the end. But in terms of the extortion conversation that took place over dozens, if not hundreds, of texts and cell phone calls and various extortion acts, it was an escalating issue. The other way that this court, of course, can affirm the prison sentence in this case is by a finding of harmless error. The district court here made a very individualized fact-based determination before arriving at the sentence. It did not, it's true, proclaim that this would have been the sentence arrived at but for the guideline range. We see that sort of bullet statement made in a lot of sentencing records and that was not present here. But it also didn't treat the guidelines as mandatory. It didn't employ the wrong standard of proof. It asked the defendant a number of questions about himself, about his background, about his future plans, about his past job duties, making an individualized fact-based assessment. The district court talked about the victim's own emotional damages, talked about the money damages that the victim has, talked about similarities between the victim's life and the defendant's life, and that the defendant should have known how this crime would have affected his victim. Considered the defendant's addiction issues, his own sexual abuse, considered family relationships, and also considered the nature and circumstances of this particular crime in the sense that it was multiple actions over a period of time and that the defendant knew about the stress and that the victim would be losing his life savings. The ultimate statement that the district court made is, I find a sentence in the middle of the advisory range of 21 months is appropriate here. I believe that the court on this record can find that if there was error in applying the in preparation for standard on relevant conduct that any error here was harmless, that this was a fact-based individualized sentence that was arrived at through consideration of all the sort of factors that are encompassed within 3553. Do you have anything to say in defense of the restitution order? I saw that your brief seems to acknowledge that the offense did not have as an element a scheme, conspiracy, or pattern of criminal activity, which is the predicate for including harm by a course of conduct beyond the offense of conviction. So I wondered if, although you then go on to say therefore the award should be affirmed. Well, your honor, as I've prepared for this, I had not the law of this circuit, and Reynolds is good law in this circuit, and I do think it's controlling, and that's 432 F 3rd 821. You cite that in your brief, yeah. And given that, it appears that that forecloses a lot of our arguments. What I would ask. So you think it should be for the remedy that was given in the Reynolds case, which was a remand with a simple direction to strike the restitution award from the judgment. I don't think there's a need for a full resentencing. Now, would the whole award have to be stricken, or was some of the restitution tied to the offense of conviction? The offense, as contained in the indictment, involved the controlled extortion attempt, so it was law enforcement money. So we'd concede that the money spent at that period of time was not losses to the victim. So in order to get restitution for a victim like this, how could the government proceed? I guess you could get it in a plea agreement if you have a plea maybe, but. I think it's possible to indict an extortion offense as a scheme type offense by broadening the timeline and indicting for the entire timeline here. What would be the scheme offense? Wire fraud, mail fraud? I think, well, it's possible also to indict it as that sort of a fraud offense, but I think here it's simply a matter of indicting it with the time frame being different. Well, how would that make the pattern or conspiracy an element of the offense? Oh, you mean say that it was, well, go ahead, explain that. I think if the indictment had the time frame, then each of the extortion acts would be part and parcel of the indictment. You mean just a substantive count of extortion that covered a period of time? Covering multiple periods. The other possibility, of course, that the restitution statute leaves open is a plea agreement that includes an agreement. Here there was a plea by petition, so. Or I suppose you could charge each of these acts. Or you could charge each of them. Prosecute all of the counts. Exactly. So I think that's. The way this one was handled, the only conviction is on the controlled. That's right. That was the only count of indictments. Thank you, Your Honors. All right. Thank you, Mr. Coloner. Mr. Tupman, we'll hear from you on rebuttal. I wanted to take a moment to address this issue of escalation on the facts. I think the analogy was made in the government's brief, kind of akin to lulling behavior. When you think of lulling behavior, it is incrementally increasing. You cannot explain how you got from point A to point B on the other side without all the steps in between. Here we don't have escalation. We have one secret and a repetitive demand. The secret is known to the defendant in August of 2011. Between then and the offense of conviction, there isn't an incrementally worse behavior. There's repetitive behavior. So the idea of escalation, I think, is unfit in these facts. And how that plays in here is it demonstrates that the conduct in July of 2012, the offense of conviction, is independent. It stands on its own. Because it stands on its own, we think it's error to say that the prior acts were to prepare for the latter act. Was there escalation of dollar requests? Because we sort of end with $100. So was there some sort of incremental increase in the amount he was trying to get from this man? Not any discernible pattern, no. Actually, and the money was given voluntarily prior to August 7, 2011. So no. I mean, it was to pay a bill, to do this, to do XY. So it's all over the map. Did anything else escalate, like the level of threat or exposure? The level of threat escalated at the very tail end during the offense of conviction. That's when the victim had run out of money, it escalated. But prior to that, it was independent extortions. And finally, I wanted to address the harmless . . . Well, the question I have is, in view of the absence of authority, other cases involving this and the absence of other authority really on point, I think neither side was able to find any cases that were really clarified this area, how can we say that we come away from this with a definite and firm conviction that a mistake has been committed by the district court? Well, I think in preparation for is not defined, and this is a unique situation and does not come up a heck of a lot. But it is plain language that has a definitive meaning. There's not a lot of case law because it just doesn't come up. It doesn't mean it doesn't have a clear meaning. Here, the clear meaning is one act is to get ready for the next act. We believe that each act stands on its own, doesn't need the context to explain it. There's one secret, one demand, and so on and so forth. It's repetitive, not dependent, and that would be our point. Thank you. Thank you, sir. Thank you both for your arguments. The case is submitted, and we will file an opinion in due course.